OPINION
{¶ 1} Appellant appeals the January 20, 2005, Decree of Divorce and the trial court's April 6, 2005, denial of his Civ.R. 60(B) motion.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 1, 2004, Plaintiff-Appellee Michelle Gorius-Hogle filed a complaint for divorce.
 {¶ 3} On October 4, 2004, the trial court scheduled a final pre-trial conference for January 14, 2005, and a final divorce hearing for February 23, 2005. The notice for the final pre-trial stated that if a party or the party's attorney failed to appear at the final pre-trial conference, "the final hearing shall proceed as an uncontested divorce."
 {¶ 4} On November 30, 2004, the trial court granted leave to withdraw to Defendant-Appellant's attorney. In her memorandum of support, Defendant-Appellant's attorney stated that Defendant-Appellant "has refused to cooperate with counsel leaving counsel unable to adequately represent the defendant." In her motion, counsel listed Defendant-Appellant's address as 205 Lloyd Street, #5, Dover, Ohio. This is the same address that Defendant-Appellant listed in his Answer to the Complaint.
 {¶ 5} On January 14, 2005, Defendant-Appellant failed to appear at the final pre-trial conference. At this time, the trial court proceeded to hold the final divorce hearing.
 {¶ 6} On February 18, 2004, Defendant-Appellant filed a Notice of Appeal from the Judgment Decree of Divorce.
 {¶ 7} Defendant-Appellant also filed a Civ.R. 60(B) motion with the trial court on the same day. In said Motion, Defendant-Appellant claims that he moved to a new address in mid-November, 2004. He further claimed that he was not aware of the January 14, 2005, final pre-trial conference but that he was aware of the February 23, 2005, final hearing. He further claims that he encountered difficulty in retaining new counsel due to the holidays.
 {¶ 8} On March 23, 2005, this Court authorized the trial court to rule on Defendant-Appellant's Civ.R. 60(B) Motion.
 {¶ 9} By Judgment Entry dated April 6, 2005, the trial court denied Defendant-Appellant's Civ.R. 60(B) motion.
 {¶ 10} This matter is now before this court for consideration. Defendant-Appellant's two Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED IN HOLDING AN EX PARTE DIVORCE HEARING WITHOUT PROPER NOTICE.
 {¶ 12} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S OHIO CIVIL RULE 60(B) MOTION AND/OR WITHOUT PROVIDING FOR AN ORAL HEARING ON THE SAME."
 I. {¶ 13} In his first assignment of error, Appellant claims the trial court erred in holding an ex parte hearing. We agree.
 {¶ 14} More specifically, Appellant argues that the trial court erred in holding the final divorce hearing on the date of the final pre trial instead of the date scheduled for same.
 {¶ 15} The issue to be considered in this case is whether the trial court abused its discretion in expediting the final divorce hearing. An abuse of discretion is more than an error of law of judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 16} Upon review, this Court finds the trial court did not have authority to expedite the final hearing without notice to Appellant. The notice regarding failure to appear at the final pretrial provided that the case would proceed as uncontested at the final hearing, not that the final hearing would be expedited. Nowhere in the notice for the final pretrial or the notice for the final hearing did it state that the trial court could, sua sponte, expedite the final hearing if one of the parties and/or their attorneys failed to show at the final pretrial. This Court is not aware of any local rule which provides for such a sanction.
 {¶ 17} While the trial court has the authority to order sanctions against a party for non-appearance at a court ordered pretrial, the expediting of the final hearing without notice was contrary to law.
 {¶ 18} Appellant's first Assignment of Error is sustained.
 II. {¶ 19} In is second assignment of error, Appellant claims that the trial court erred in denying his 60(B) Motion and in failing to hold an oral hearing on same.
 {¶ 20} Based on our ruling on the first assignment of error, we find Appellant's second assignment of error moot.
 {¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and remanded for proceedings consistent with this opinion.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed and remanded. Costs to Appellee.