HARPER et al., Appellants,

v.

ROBERTS et al., Appellees.

[Cite as *Harper v. Roberts*, 173 Ohio App.3d 560, 2007-Ohio-5726.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88973.

Decided Oct. 25, 2007.

Tyrone E. Reed, for appellants.

Davis & Young and Shannon M. Donze, for appellees.

PATRICIA ANN BLACKMON, Judge.

{¶ 1} Appellants Derrick and Regina Harper appeal from the jury's verdict awarding appellees Gregory R. Roberts and Pearl Rock, Inc., $2,800 on their counterclaims. They assign the following error for our review:

The trial court committed reversible error to the substantial prejudice of the appellants, when it repeatedly interrupted the direct examination of the appellants, their witnesses and attorney said remarks were buttressed with sarcasm, prodding of witnesses, and negative innuendo, to the detriment and defeat of appellant's case.

{¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for a new trial. The apposite facts follow.

{¶ 3} Derrick and Regina Harper filed suit in the Cuyahoga County Court of Common Pleas against appellees, Gregory E. Roberts and Pearl Rock, Inc., alleging that they breached a contract for the construction of a new roof and were unjustly enriched by being paid for services they did not perform. They alleged that one day after the roof was completed, a substantial rainfall occurred, and their roof leaked profusely. The appellees filed a counterclaim against the Harpers for breach of contract, financial damage, and loss of work opportunities. They contended they had completed 85 to 90 percent of the work and would have finished the job if the Harpers had permitted them to do so.

{¶ 4} The case proceeded to a jury trial. The jury returned a unanimous verdict in favor of the appellees and awarded them $2,800 on their counterclaims.

## Judicial Misconduct

{¶ 5} The Harpers contend that the trial court engaged in misconduct by questioning Mr. and Mrs. Harper and their expert witness in a biased manner and by making prejudicial remarks. We agree.

{¶ 6} Our review of the record indicates whether the Harpers or the appellees should have recovered on their claims was a close question. That is, the Harpers contended the appellees had finished the roof and that a subsequent rain fall indicated that the work was negligently performed. The appellees contended that they had not completed the roof at the time of the rainfall and that the Harpers would not permit them to return to the property to finish the project. Given that the case depended upon the credibility of the witnesses, we conclude the cumulative effects of the trial court's comments prejudiced the Harpers' case.

{¶ 7} Evid.R. 614(B) provides: "The court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." However, while a

trial court is permitted to examine witnesses, there are strict limits placed on the propriety of judicial questions of witnesses, lest the court by its inquiries give the appearance of favoring one side or the other. As the Ohio Supreme Court in *State ex rel. Wise v. Chand*[1] stated:

> In a trial before a jury, the court's participation by questioning or comment must be scrupulously limited, lest the court, consciously or unconsciously, indicate to the jury its opinion of the evidence or on the credibility of a witness.

> In a jury trial, where the intensity, tenor, range and persistence of the court's interrogation of a witness can reasonably indicate to the jury the court's opinion as to the credibility of the witness or the weight to be given to his testimony, the interrogation is prejudicially erroneous.[2]

{¶ 8} In the instant case, the trial court questioned expert witness Thomas Slaughter as follows:

Court: Flashing and peaks. Why do you have to replace the whole roof?

Witness: Underneath the roof you had to tear the roof off.

Court: The whole roof across to get to the edge where the flashing is?

Witness: If I didn't repair the roof, there is a possibility the leaks can come again.

Court: Around the flashing?

Witness: Yeah. I would not want the responsibility. Because the valleys are made out of tin, they could be easily damaged.

Court: I replaced some flashing. I sure didn't take the whole roof off. I thought maybe I made a mistake.

Witness: This is a new roof. You have a guarantee of 30 years.

Court: So you would replace the whole roof in order to give a guarantee?

Witness: Right.

Court: I see. Anything further?

{¶ 9} We note that counsel failed to object to the trial court's questions; therefore, he has waived all but plain error regarding this line of questioning. However, we find the court's questioning in the instant case was reversible error. The trial court should not have interjected his personal experience in replacing the flashing on his own home because by doing so, he was impeaching the witness based on his own personal experience. Any comment by the trial court to the jury that indicates to the jury the court's opinion on the facts in evidence is

---

1. (1970), 21 Ohio St.2d 113, 50 O.O.2d 322, 256 N.E.2d 613.

2. Id. at paragraphs three and four of the syllabus.

error.[3]  The replacement of the roof was one of the essential factual findings for the jury to decide in this case.

{¶ 10} The court also questioned Mr. Harper at length regarding his failure to mitigate damages.  The court questioned Mr. Harper as follows:

Court:  You were going to pay $4,200.00 for the whole job?

Harper:  Yes.

Court:  Why couldn't you afford the difference between the two to get the leaks fixed in the meantime?

Harper:  To get the leaks fixed?

Court:  You were going to pay the extra money.

Harper:  We was going to pay him to finish the job.

Court:  You had the money?

Harper:  Yes, we had the money.

Court:  You said that you didn't—I don't understand.  You didn't want to fix the leaks before the lawsuit?  Why didn't you fix the leaks?

Harper:  Why didn't we fix the leaks?

Court:  Yes.

{¶ 11} This line of questioning by the court was improper.  The court impugned the witness's integrity by questioning him in a manner that made it look like the court believed the witness was the cause of the damages.  Moreover, counsel did object to this line of questioning.  The court overruled the objection on the grounds that the attorney had waited until the court was finished questioning before objecting.  However, the court could have surely instructed the jury to ignore this line of questioning.  The court's continual prodding of plaintiffs' witnesses gave the jury the impression the court thought that the plaintiffs' case was without merit.

{¶ 12} Our review of the record also indicates that the trial court made other inappropriate comments.  The trial court advised Mrs. Harper to speak loudly by stating, "[I]f you want these people to give you money, project so it is over his shoulder."  This comment was negative, as it made it appear that the Harpers wanted a handout from the jury.  When Mrs. Harper testified to her estimate of her expenses, the court interrupted her, stating, "[P]repared by you, right?"  This remark made it appear that her estimation of her damages was not credible.  In a case in which the evidence is not overwhelmingly in favor of either party, as in the case herein, such comments by the court are prejudicial.

---

3.  *State v. Bridgeman* (1977), 51 Ohio App.2d 105, 117, 5 O.O.3d 275, 366 N.E.2d 1378.

{¶ 13} Based on the record before us, we conclude that the trial court's questions and comments in the presence of the jury crossed the line of proper intervention. Accordingly, the Harpers' sole assigned error is sustained.

Judgment reversed
and cause remanded.

CELEBREZZE, A.J., and KILBANE, J., concur.