[Cite as *Sheflyand v. Schepis*, 2011-Ohio-2040.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95665 and 95667**

---

# FELIKS B. SHEFLYAND

PLAINTIFF-APPELLEE

vs.

# NICHOLAS J. SCHEPIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Lyndhurst Municipal Court
Case Nos. 10-CVH 01155 and 10-CVH 01083

**BEFORE:** Cooney, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 28, 2011
**FOR APPELLANT**

Nicholas J. Schepis, pro se
6181 Mayfield Road
Suite 302
Mayfield Hts., Ohio 44124


**ATTORNEY FOR APPELLEE**

Patrick Dichiro
4141 Rockside Road
Suite 230
Seven Hills, Ohio 44131


COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Defendant-appellant, Nicholas J. Schepis ("Schepis"), appeals the trial court's dismissal with prejudice of his warrant to keep the peace ("a peace warrant") against Feliks B. Sheflyand ("Sheflyand"). In this consolidated appeal, Schepis also appeals the trial court's granting of Sheflyand's warrant to keep the peace against Schepis. Finding no merit to the appeal, we affirm.

**{¶ 2}** In July 2010, Schepis filed a warrant to keep the peace pursuant to R.C. 2933.02 in Lyndhurst Municipal Court, on behalf of his son Nicholas R. Schepis ("Nico"), Case No. 10-CVH 01083, against Feliks Sheflyand. Days later, Sheflyand filed a warrant to keep the peace against Schepis, Case

No. 10-CVH 01155. The trial court heard both cases simultaneously for judicial economy on August 3, 2010.

{¶ 3} This dispute arose out of an incident that occurred on July 3, 2010. Nico testified that Sheflyand was aggravated by the noise Nico's moped made and approached him as he rode down the street. Nico testified that Sheflyand asked whether he had a license, to which Nico replied yes and showed him the actual license. Nico claimed that Sheflyand then punched him in the shoulder, yelled obscenities at him, and threatened him verbally. Schepis testified that his son is now afraid of Sheflyand.

{¶ 4} Sheflyand admitted that he "flagged down" Nico on the day in question to ask him whether he had a moped license, but Sheflyand denied ever physically assaulting or verbally threatening Nico. Sheflyand testified that after speaking with Nico about the moped, Nico's father, Schepis, confronted Sheflyand, yelling obscenities and threatening to kill Sheflyand.

{¶ 5} Sheflyand and his wife testified that Schepis confronted them again on the following day wielding a gun in a threatening manner, screaming obscenities, and threatening further legal action. Schepis denied the allegations and claimed that the gun was merely an air rifle with a prominent orange tip on the end, making it obvious to any observer that the

gun was simply a toy. Mr. and Mrs. Sheflyand testified that since the incident, they are afraid of Schepis.

**{¶ 6}** After hearing from numerous witnesses, the trial court dismissed Schepis's peace warrant against Sheflyand with prejudice, finding that "the evidence does not support a finding that Nicholas J. Schepis and/or his son Nico Schepis have reasonable cause to fear that their neighbor, Feliks B. Sheflyand will cause harm to their person or property."

**{¶ 7}** However, the trial court granted Sheflyand's peace warrant against Schepis, finding that Mr. and Mrs. Sheflyand had reasonable cause to fear Schepis.

**{¶ 8}** Schepis now appeals both lower court judgments, raising five assignments of error.

**{¶ 9}** First, we note that the record does not indicate that Schepis properly filed an appeal bond with the trial court as required by R.C. 2933.06 when appealing a peace warrant. R.C. 2933.06 provides:

**{¶ 10}** "In connection with either type of appeal, *the accused shall file with the clerk of the municipal, county, or mayor's court, within ten days after the decision is rendered, an appeal bond* in a sum to be fixed by the judge or mayor at not less than fifty or more than five hundred dollars, with surety to be approved by the judge or mayor, conditioned

that, pending the determination of the appeal, the accused will keep the peace and will be of good behavior generally and especially towards the person named in the complaint.  Upon the filing of the appeal bond, the clerk of the municipal, county, or mayor's court forthwith shall make a certified transcript of the proceedings in the action, the appeal bond to be included." (Emphasis added.)Moreover, Schepis has raised issues of fact on appeal although our review is limited to questions of law.  R.C. 2933.06 provides that: "[a]n appeal from the decision of a municipal or county court judge to the appropriate court of appeals *shall be only as to questions of law* and, to the extent that sections 2933.06 to 2933.09 of the Revised Code do not contain relevant provisions, shall be made and proceed in accordance with the Rules of Appellate Procedure." (Emphasis added.)

{¶ 11} Despite Schepis's failure to comply with both statutes, we shall proceed and address the questions of law presented in this appeal.

R.C. 2933.02

{¶ 12} In his first assignment of error, Schepis argues that the trial court abused its discretion and deprived him of due process by failing to follow the process and procedure set forth in R.C. 2933.02.

{¶ 13} Schepis argues that the trial court was mandated by statute to immediately issue a warrant for Sheflyand, arrest him, and bring him to court to answer Schepis's complaint.[1] Having failed to do so, Schepis argues that his right to due process was violated. We do not agree.

{¶ 14} R.C. 2933.02, the provision relating to a complaint to keep the peace, states:

"When a complaint is made in writing and upon oath, filed with a municipal or county court or a mayor sitting as the judge of a mayor's court, and states that the complainant has just cause to fear and fears that another individual will commit an offense against the person or property of the complainant or his ward or child, a municipal or county court judge or mayor shall issue to the sheriff or to any other appropriate peace officer, as defined in section 2935.01 of the Revised Code, within the territorial jurisdiction of the court, a warrant in the name of the state that commands him forthwith to arrest and take the individual complained of before the court to answer the complaint."

{¶ 15} R.C. 2933.04 governs arraignment and detention, and provides:

"When the accused in [sic] brought before the municipal, county, or mayor's court pursuant to sections 2933.02 and 2933.03 of the Revised Code, he shall be heard in his defense. *If it is necessary for just cause to adjourn the hearing, the municipal or county court judge or mayor involved may order such adjournment.* The judge or mayor also may direct the sheriff or other peace officer having custody of the accused to detain him in the county jail or other appropriate detention facility until the cause of delay is removed, unless a bond in a sum fixed by the judge or mayor but not to exceed five hundred dollars, with sufficient surety, is given by the accused. A delay shall not exceed two days." (Emphasis added.)

---

[1] This means that when Sheflyand filed his warrant days later against Schepis, Schepis also should have been arrested.

{¶ 16} We initially note that Schepis did not raise this issue during the hearing in the trial court. He first raised this issue two days after the hearing by filing a motion to strike Sheflyand's complaint and declare the proceedings void. This motion was denied.

{¶ 17} Failure to object at the time of trial waives all but plain error. *State v. Sutton*, Cuyahoga App. No. 90172, 2008-Ohio-3677, citing *State v. Childs* (1968), 14 Ohio St.2d 56, 263 N.E.2d 545. "A plain error does not exist unless, but for the error, the outcome of the trial would have been different." *State v. Joseph*, 73 Ohio St.3d 450, 455, 1995-Ohio-288, 653 N.E.2d 285. Under Crim.R. 52(B), notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

{¶ 18} Schepis filed his complaint on July 6, 2010. A warrant to keep the peace was issued against Sheflyand on July 7. Sheflyand filed his complaint against Schepis on July 21. A warrant to keep the peace was issued against Schepis on July 23. The trial court properly issued warrants to keep the peace in response to both complaints and provided notice of the August 3 hearing in a timely fashion.

{¶ 19} It is clear from the record that the trial court properly issued warrants to keep the peace and timely held a combined hearing to address the merits of both parties' allegations. R.C. 2933.04 allows the court to adjourn the matter if necessary. A warrant to

keep the peace and its counter-warrant clearly necessitate an adjournment in order for the parties to collect evidence and locate witnesses. The trial court's response to both complaints was timely and proper, and the delay between the filing of his complaint and the hearing does not constitute plain error.

{¶ 20} Accordingly, the first assignment of error is overruled.

Motion to Strike

{¶ 21} In his second assignment of error, Schepis argues that the trial court erred in denying his motion to strike Sheflyand's complaint and declare the proceedings void. Specifically, Schepis argues that Sheflyand's complaint is void because the notary jurat at the end of the complaint states that the document was signed in Cuyahoga County but Sheflyand admitted signing it in Stark County.

{¶ 22} The jurat found at the end of Sheflyand's complaint states in part:

STATE OF OHIO            }

COUNTY OF CUYAHOGA }        ss:

{¶ 23} This section of the jurat is meant to indicate where the affiant and the notary are located at the time of signing. However, Sheflyand admitted during the hearing that he and the notary were in Stark County, where they worked, when they signed and notarized the complaint.

{¶ 24} Schepis argues that this error invalidates the entire document. We disagree. Sheflyand, in his sole response to Schepis's arguments, is correct in arguing that the complaint is valid based on substantial compliance. The remainder of the jurat contains no flaws, and any error was harmless. The trial court properly denied Schepis's motion to strike.

{¶ 25} Accordingly, the second assignment of error is overruled.

<u>Witnesses in Court Room</u>

{¶ 26} In his third assignment of error, Schepis argues that the trial court abused its discretion in barring Nico from the courtroom pursuant to a separation of witnesses. Since we are limited to reviewing questions of law, this abuse-of-discretion argument is misplaced.

{¶ 27} Schepis claims that the trial court violated Nico's constitutional rights when it excluded him from the courtroom because he was the victim and had a right to be present. Article I, Section 10(A) of the Ohio Constitution provides victims with constitutional rights to "reasonable and appropriate notice, information, access, and protection and to a meaningful role in the criminal justice process."

{¶ 28} Evid.R. 615, separation and exclusion of witnesses, states:

"(A) Except as provided in division (B) of this rule, at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. An order directing the 'exclusion' or 'separation' of witnesses or the like, in general terms without specification of other or additional limitations, is effective only to require the exclusion of witnesses from the hearing during the testimony of other witnesses.

"(B) This rule does not authorize exclusion of any of the following persons from the hearing:

(1) a party who is a natural person;

(2) an officer or employee of a party that is not a natural person designated as its representative by its attorney;

(3) a person whose presence is shown by a party to be essential to the presentation of the party's cause;

(4) in a criminal proceeding, a victim of the charged offense to the extent that the victim's presence is authorized by statute enacted by the General Assembly. As used in this rule, 'victim' has the same meaning as in the provisions of the Ohio Constitution providing rights for victims of crimes."

{¶ 29} It follows that "[a] victim has a constitutional and statutory right to be present during trial unless the trial court determines that exclusion of the victim is necessary to protect the defendant's right to a fair trial." *State v. Hines*, Marion App. No. 9-05-13, 2005-Ohio-6696, ¶19.

{¶ 30} In the instant case, Nico was not a party to the warrant to keep the peace. Furthermore, even if Nico is a non-party victim, a warrant to keep the peace is not a criminal proceeding in the traditional sense. Moreover, Schepis failed to prove that Nico's rights as the alleged victim outweighed those of Sheflyand's. Therefore, it was within the trial court's sound discretion to exclude him from the courtroom on the basis that he is a minor and a witness. Thus, we find no due process violation.

{¶ 31} Accordingly, the third assignment of error is overruled.

Judge Bias

{¶ 32} In his fourth assignment of error, Schepis argues that the trial judge[2] abused her discretion in the questioning of witnesses. Schepis argues that the trial judge demonstrated a bias and prejudice toward guns and gun owners, and thus, became an advocate for Sheflyand. Again, we are limited to reviewing questions of law only.

{¶ 33} Moreover, we note that Schepis failed to object to the trial court's questions regarding guns and gun ownership during the hearing, and therefore, has waived all but plain error.

{¶ 34} Evid.R. 614(B) provides: "[t]he court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." " *** [T]here are strict limits placed on the propriety of judicial questions of witnesses, lest the court by its inquiries give the appearance of favoring one side or the other." *Harper v. Roberts*, 173 Ohio App.3d 560, 2007-Ohio-5726, 879 N.E.2d 264.

{¶ 35} However, during a bench trial, the court is "accorded greater flexibility in questioning witnesses * * * [because] when there is no jury, there is no one to be prejudicially influenced by the judge's demeanor." *Mentor v. Brancatelli (*Dec. 5, 1997), Lake App. No.

_____

[2]Schepis mistakenly used the word "appellant" in the header for this assignment of error, but refers to the trial judge's abuse of discretion throughout the argument.

97-L-011; see, also, *Lorenc v. Sciborowski* (Mar. 16, 1995), Cuyahoga App. No. 66945, and *Cleveland v. Papotnick* (July 2, 1992), Cuyahoga App. No. 60160.

{¶ 36} After a thorough review of the record, it is clear that the trial judge was neither biased nor prejudiced against guns or gun owners. The conversation was not as much about guns or gun ownership, as it was about what could cause a person to become fearful. Thus, the trial court did not abuse its discretion while questioning Nico, and we find no error of law.

{¶ 37} Accordingly, the fourth assignment of error is overruled.

Ex Parte Communications

{¶ 38} In his fifth assignment of error, Schepis argues that the trial court abused its discretion and deprived him of due process, when it conducted its own investigation and received ex parte communications in the form of police reports relative to this matter outside the record.

{¶ 39} Schepis claims that police reports involving the two parties were in the trial court's possession, via the case file, prior to the hearing on August 3, 2010. However, there is absolutely no evidence in the record or transcript of any investigation or ex parte communications conducted by the trial court in this case. And since our review is limited to questions of law, the fifth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR