[Cite as *Trilogy Health Servs., L.L.C. v. Frenzley*, 2018-Ohio-1790.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| TRILOGY HEALTH SERVICES, LLC | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| EDITH FRENZLEY, ET AL. | : | | Case No. CT2017-0070 |
| | : | | |
| Defendants - Appellants | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                                          Court of Common Pleas, Case No.
                                                          CH2017-0276

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                        April 30, 2018

APPEARANCES:

For Plaintiff-Appellee                          For Defendants-Appellants

MARC S. BLUBAUGH                        MARK W. STUBBINS
Benesch, Friedlander, Coplan &          GRANT J. STUBBINS
Aronoff, LLP                                       Stubbins, Watson, Bryan &
41 S. High Street                               Witucky Co., L.P.A.
Suite 2600                                         59 North Fourth Street
Columbus, Ohio 43215                       P.O. Box 488
                                                          Zanesville, Ohio 43702-0488

ELIZABETH R. EMANUEL
Benesch, Friedlander, Coplan &
Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

*Baldwin, J.*

**{¶1}** Defendants-appellants Edith Frenzley and John Frenzley appeal from the September 18, 2017 Final Judgment Entry of the Muskingum County Court of Common Pleas granting the Motion for Default Judgment filed by plaintiff-appellee Trilogy Health Services, LLC. and entering judgment against defendants-appellants.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 8, 2017, appellee Trilogy Health Services LLC filed a complaint against appellants Edith and John Frenzley. Appellee, in its complaint, alleged that it had provided room, board, nursing and personal care and other services to appellants and that appellants had failed to pay for such services. Appellee set forth claims alleging breach of contract, quantum meruit, payment of spousal necessaries and fraudulent transfers. A copy of the summons and complaint were sent by certified mail on August 8, 2017 to appellants at their residence at 3305 Fairway Lane, Zanesville, Ohio 43701 and to appellants at their real estate tax mailing address at 4504 Stratford Cir. W., Zanesville, Ohio 43701.

**{¶3}** The summons and complaint sent to appellants' residence was returned unclaimed. The summons and complaint sent to appellants' tax mailing address was signed for on August 9, 2017 by Jessie or Jessica Prouty.

**{¶4}** Appellee, on September 13, 2017, filed a Motion for Default Judgment against appellants. The trial court, as memorialized in a Final Judgment Entry dated September 18, 2017, granted the motion and entered judgment in favor of appellee and against appellant Edith Frenzley in the amount of $6,999.00 and against appellant John Frenzley in the amount of $9,181.10.

**{¶5}** Appellants now raise the following assignment of error on appeal:

**{¶6}** I. THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF APPELLEE.

I

**{¶7}** Appellants, in their sole assignment of error, argue that the trial court erred in granting default judgment in favor of appellee because the trial court did not have personal jurisdiction over appellants because they were never served with the summons and complaint.

**{¶8}** Absent proper service of process, a trial court lacks jurisdiction to enter a judgment, and if it nevertheless renders a judgment, that judgment is a nullity and void ab initio. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). However, we note that a question of personal jurisdiction may not be raised for the first time on appeal. *In re Bailey Children,* 5th Dist. Stark No.2004CA00386, 2005–Ohio–2981. See also *Nationstar Mortgage LLC v. Williams,* 5th Dist. Delaware No. 14 CAE 0029, 2014–Ohio–4553. A party may challenge the entry of default judgment against them by filing either a Rule 60(B) motion for relief from judgment or a motion to vacate the judgment on grounds that it is void ab initio for lack of personal jurisdiction. *Linquist v. Drossel,* 5th Dist. Stark No.2006 CA 00119, 2006–Ohio–5712. In the case sub judice, appellants failed to challenge the default judgment against them by filing a motion to vacate based on a claim of insufficiency of service and thus cannot raise this issue for the first time on appeal.

**{¶9}** Appellants' sole assignment of error is, therefore, overruled.

{¶10} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.