[Cite as *In re D.D.*, 2019-Ohio-4646.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| D.D. | Case No. CT2019-0025 |
| A Dependent Child | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21730238

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 8, 2019

APPEARANCES:

For Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
GERALD V. ANDERSON, II
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville,Ohio  43701

For Appellant

MICHAEL J. CONNICK
MICHAEL J. CONNICK CO., LPA
301 Main Street
Suite H
Zanesville, Ohio  43701

*Wise, J.*

{¶1}   Appellant Jacqueline S. appeals the decision of the Muskingum County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter, D.D., to Appellee Muskingum County Children Services ("MCCS"). The relevant facts leading to this appeal are as follows.

{¶2}   On November 6, 2017, Appellee MCCS filed a complaint in the trial court alleging that D.D., born November 2017, was neglected and/or dependent. Initial concerns were that appellant had tested positive for methamphetamine, cocaine, and marijuana upon admission to the maternity unit. Appellant was also reported to have several mental health issues. The man who was alleged at the time to be D.D.'s father, Jason D., was alleged to have a lengthy criminal record and a history of abusive treatment of appellant.[1]

{¶3}   The trial court thereupon ordered the child into the temporary custody of MCCS.

{¶4}   A case plan was filed with the trial court on December 6, 2017, with no objections thereto. D.D. was adjudicated a dependent and neglected child on February 1, 2018. The court ordered her to be maintained in the temporary custody of MCCS.

{¶5}   On July 23, 2018, MCCS filed a motion for permanent custody, which was scheduled for a hearing on December 18, 2018. In the meantime, on November 5, 2018, the court conducted an annual review hearing; however, appellant did not appear.

---

[1]   On February 23, 2018, MCCS notified the trial court that Jason D. had been excluded as the child's father by genetic testing. Paternity of the child is apparently still unknown.

{¶6}    At the permanent custody trial on December 18, 2018, appellant again failed to appear. Following the hearing, the court granted permanent custody of D.D. to MCCS, as further discussed *infra*. A written judgment entry was journalized on March 5, 2019. On April 4, 2019, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶7}    THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I.

{¶8}    In her sole Assignment of Error, appellant-mother contends the trial court erred in granting permanent custody of D.D. to the agency. We disagree.

{¶9}    R.C. 2151.414(B)(1) states as follows:

Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(a)  The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as

described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b)  The child is abandoned.

(c)  The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d)  The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e)  The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶10}  For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child

is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

**{¶11}** Furthermore, in determining the best interest of the child in permanent custody cases, R.C. 2151.414(D)(1) states the trial court must consider all relevant factors, including, but not limited to: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement.

**{¶12}** Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. As an appellate court, we are not the trier of fact; instead, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶13}** As noted in our recitation of the facts, the trial court conducted the permanent custody trial in this matter on December 18, 2018. MCCS called as its witnesses (1) Cinda Graham from All Well Behavioral Health, (2) MCCS Caseworker Carly Bates, and (3) D.D.'s foster mother. Appellant was not present for the trial, and her

trial attorney did not object to any of the testimony or reports presented by MCCS.[2] Where no objection is raised to a line of questioning, an appellant waives all but plain error. *Ralph v. Behr*, 5th Dist. Richland No. 16 CA 42, 2017-Ohio-1533, ¶ 31, citing *Harper v. Roberts*, 173 Ohio App.3d 560, 2007–Ohio–5726, ¶ 9 (8th Dist. Cuyahoga). Plain error review is not favored in appeals of civil cases. *Kirin v. Kirin*, 7th Dist. Mahoning No. 08 MA 243, 2011–Ohio–663, 2011 WL 497080, ¶ 19, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), at paragraph one of the syllabus. To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *In re M.H.*, 5th Dist. Fairfield No. 2016 CA 43, 2017-Ohio-1110, ¶ 24, citing *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010–Ohio–5777, ¶ 37 (8th Dist.). We will herein proceed under a plain error standard of review.

**{¶14}** Appellant's brief at several points criticizes the agency's handling of this matter, while ignoring the evidence that appellant did not visit with D.D. after February 2018 (Tr. at 12), and, in her last known contact with the agency in March 2018, had informed caseworkers that she was not willing to work with them on any services and did not want to reunify with the child. Tr. at 21. Information was provided to the court at the permanent custody trial that she had possibly relocated to New York or Florida. Tr. at 22-23. The child's maternal grandmother was, for a time, assessed for relative

---

[2]   The trial court specifically found that appellant and the unknown father were "duly and properly served." Judgment Entry, March 5, 2019, at 1. Appellant nonetheless makes the assertion in her statement of the case that she did not receive notice of the trial date. *See* Appellant's Brief at 5. However, a question of personal jurisdiction may not be raised for the first time on appeal. *Trilogy Health Services, LLC v. Frenzley*, 5th Dist. Muskingum No. CT2017-0070, 2018-Ohio-1790, ¶ 8, citing *In re Bailey Children,* 5th Dist. Stark No. 2004CA00386, 2005–Ohio–2981.

placement, but the grandmother eventually withdrew from consideration. Tr. at 19. Evidence was also adduced that appellant had begun her assessments and drug screens, but then failed to follow through with treatment and did not successfully complete any objective on her case plan. Tr. at 17. Likewise, Cinda Graham from All Well Behavioral recalled that after November 28, 2017, appellant "kept cancelling and not showing" and thus did not complete her recommended substance abuse and mental health programs. Tr. at 7-8.

**{¶15}** We note that "*** courts have found an implied exception to mandatory case planning efforts when those efforts would be futile." *In re Leitwein*, 4th Dist. Hocking No. 03CA18, 2004-Ohio-1296, ¶ 30. Appellant essentially now chooses to reprove the agency in a situation where she ultimately showed no interest in the agency's reunification efforts. She seems to fault the caseworker who took over in April 2018 for not having contact with her, and then resorts to classifying the utilization of this caseworker as a witness by the agency as "an unbelievable display of mind-numbing laziness ***." Appellant's Brief at 8. Additionally, with no legal support, appellant attempts to dismiss the entirety of the GAL's report as inadmissible hearsay. *Id.*

**{¶16}** However, in this instance, we are persuaded that the trial court, relying on R.C. 2151.414(B)(1)(a), 2151.414(D)(1), and 2151.414(E), duly heard the evidence and rendered a cogent, lawful decision accordingly. Upon review of the record and the findings of fact and conclusions of law therein, we find no basis to alter the decision of the trier of fact, and we conclude the grant of permanent custody of D.D. to MCCS was made in the consideration of the child's best interests, was not against the manifest weight of the evidence, and did not constitute plain error.

**{¶17}**  Appellant's sole Assignment of Error is therefore overruled.

**{¶18}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.


JWW/d 1024