[Cite as *Anumandla v. Kondapalli*, 2023-Ohio-1633.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ANIL REDDY ANUMANDLA, | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| SPANDANA KONDAPALLI, | : | | Case No. 2022CA00094 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                 of Common Pleas, Domestic
                                 Relations Division, Case No. 2021
                                 DR 00680

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                May 15, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

SUSAN PUCCI                            DOUGLAS BOND
4429 Fulton Ave., NW, Suite 100        D. COLEMAN BOND
Canton, Ohio 44718                     116 Cleveland Avenue N.W., Suite 600
                                       Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Appellant, Spandana Kondapalli, appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, granting the divorce sought by appellee, Anil Reddy Anumandla.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** Kondapalli and Anumandla were married in 2016 and, on June 25, 2021, Anumandla filed a complaint for divorce in the Stark County Court of Common Pleas, Domestic Relations Division. The summons, complaint and all additional relevant documentation were sent to Kondapalli via registered mail on June 25, 2021. On September 13, 2021, Kondapalli filed a document captioned "Complaint for Divorce" in which she admits she is the defendant and wife of Anumandla and that she received the summons. She further contends that "all the facts narrated by the plaintiff are completely false" and that he "has blatantly lied on affidavit before this Court about the date of marriage, reasons for divorce, financial and economic status. (Kondapalli, "Complaint for Divorce" ¶¶1, 3, 4).

**{¶3}** Though Kondapalli had acknowledged receipt of the documents from the trial court, on October 13, 2021, the pretrial was continued for perfection of service. On November 12, 2021, summons and copies of the praecipe along with documents filed on June 25, 2021 and October 13, 2021 were issued to Kondapalli purportedly through the process required by the Hague Convention. On May 24, 2022, Anumandla filed a pleading captioned "Plaintiff's Verified Motion for Order of Service by Publication attached to which was documentation demonstrating that on November 26, 2021 the documents from the case were delivered to the Central Authority in India pursuant to the requirements

of the Hague Convention. The attachments also document attempts to solicit a response from the Central Authority in February, March and April 2022 and that no response was received. A previously scheduled pretrial was conducted on June 6, 2022 and Kondapalli did not appear in person or through counsel. Pursuant to Stark Court of Common Pleas Local Rule 13, the court conducted a hearing and heard the testimony of Anumandla and, via telephone, a witness on behalf of Anumandla.

{¶4}   The trial court issued a judgment entry on June 15, 2022 finding from the evidence presented that requirements of the Hague Convention were sufficiently satisfied to permit it to render judgment. The trial court further found from the evidence that:

> * * * at least one of the parties was a bona fide resident of the State of Ohio for more than six (6) months, the County of Stark for more than ninety (90) days immediately preceding the commencement of this action; that the parties were married on October 4, 2016 at Westlake, Ohio; and that there have been no children born as issue of this marriage.

> a.   The court finds from the evidence that has jurisdiction of the parties and the subject matter.

> b.   The Court finds that plaintiff alleged grounds as enumerated Ohio revised code section 3105.01 that include that plaintiff and defendant have lived, without interruption for one year, separate and apart without cohabitation. The court further finds no evidence the parties were separated on March 18, 2018.

{¶5} Thereafter the trial court granted the divorce and made the requisite findings regarding spousal support and the division of property. Copies of the decree were issued to Kondapalli by registered mail on June 15, 2022.

{¶6} Kondapalli filed a notice of appeal on July 14, 2022 and submitted three assignments of error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFAULT JUDGMENT AGAINST APPELLANT AS CIVIL RULE 55, WHICH PROVIDES FOR THE METHODS FOR A DEFAULT JUDGMENT TO BE ENTERED DOES NOT APPLY TO DIVORCE PROCEDINGS. (sic)"

{¶8} "II. THE TRIAL COURT ERRED WHEN IT ISSUED THE DECREE OF DIVORCE BECAUSE IT NEVER PROVIDED APPELLANT WITH NOTICE OF A TRIAL ON THE MERITS AS REQUIRED BY CIVIL RULE 75(L)."

{¶9} "III. THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER APPELLANT, AND THUS THE DECREE OF DIVORCE ISSUED IS VOID, AS THE APPELLANT WAS NEVER SERVED WITH THE SUMMONS AND COMPLAINT PURSUANT TO THE TERMS OF THE HAGUE CONVENTION."

## STANDARD OF REVIEW

{¶10} Kondapalli's assignments of error require the interpretation of the Civil Rules of Procedure and the Hague Convention which are questions of law, so we review the trial court's decision de novo. (Citations omitted.) *Matter of E.S.*, 5th Dist. Perry No. 20 CA 00008, 2020-Ohio-4843, ¶ 20.

## ANALYSIS

### I.

{¶11} In her first assignment of error, Kondapalli claims that the trial court erred by granting default judgment to Anumandla, but her contention that the trial court granted default judgment pursuant to Civ.R 55 is not supported by the facts in the record and is contradicted by her argument offered in support of her second assignment of error.

{¶12} Default judgment is available only "when a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend [and]* * * the party entitled to a judgment by default" applies in writing or orally to the court for relief. (Civ.R. 55 (A)). Kondapalli has not directed us to any portion of the record reflecting a request by Anumandla for default judgment nor has she demonstrated that the court issued default judgment. Instead, when she failed to appear for the pretrial on June 6, 2022, the court, pursuant to Local Rule 13 of the Stark County Court of Common Pleas, converted the matter to a hearing and took evidence from Anumandla and his witness and entered judgment accordingly. The fact that she did not attend this hearing or arrange to have counsel present does not convert the trial court's actions into default judgment.

{¶13} Kondapalli concedes default judgment was not granted in her argument offered in support of her second assignment of error. While complaining that she was not provided notice or an opportunity to appear on June 6, she acknowledges that: "Nevertheless the trial court proceeded to an ex parte trial on the merits to substantially prejudice appellant as it did not provide notice to appellant." (Appellant's brief, page 8-9). We find that appellant has confessed that default judgment was not granted but, instead, the trial went forward without her being present. As noted above, her absence from the trial does not convert judgment rendered by the trial court into a default judgment.

**{¶14}** Further, we acknowledge that the trial court did refer to the proceeding as a default judgment in the transcript of the hearing. However, the court's characterization of the proceedings as default judgment does not conclusively establish that default judgment was granted. A review of the record establishes that the judgment was not granted as a default judgment under Civ.R. 55, but was based upon testimony and evidence presented to the trial court.

**{¶15}** Kondapalli's first assignment of error is overruled.

**II.**

**{¶16}** In her second assignment of error, Kondapalli claims that the trial court erred when it issued the decree of divorce because it never provided her with notice of a trial on the merits as required by Civ.R. 75(L). This matter was originally scheduled for a pretrial on October 13, 2021. Kondapalli does not contend that she did not receive this notice. The pretrial was continued to June 6, 2022 and Kondapalli does not contend that she did not receive notice of the continuance of the pretrial. Neither Kondapalli nor counsel on her behalf appeared at the pretrial.

**{¶17}** Kondapalli claims the trial court failed to provide proper notice relying on the language of Civ. R. 75(L) to support her argument. The relevant portion of that Rule states: "In all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits." Anumandla responds by directing our attention to Local Rule 13(E) of the Stark County Court of Common Pleas, which states: "In the event that neither the Defendant nor counsel appears for a pretrial conference, the Court at Plaintiff's request, may hear evidence and decide a case triable to the Court, or if it be a case triable to a jury, may accept Plaintiff's waiver of trial by jury,

hear evidence and decide the case." Kondapalli does not dispute that the record shows that the trial court followed this Rule.

**{¶18}** The Ohio Constitution authorizes courts to adopt and enforce their own rules: "Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. *Ohio Constitution, Article IV, Section 5*. The Stark County Court of Common Pleas adopted Local Rule 13(E) pursuant to that authorization and we find that the consequence of moving forward with the merits of a trial when neither defendant nor counsel appears at a pretrial is not in conflict with requirement of notice of a hearing on the merits contained in Civ.R 75.

**{¶19}** We have held that a trial court could not expedite a final hearing if one of the parties failed to appear at a pretrial, in part because no local rule provided for that sanction. *Gorius-Hogle v. Hogle*, 5th Dist. Licking No. 2005 CA 00020, 2005-Ohio-5306, ¶ 16. The trial court in this case has adopted a Local Rule that expressly provides for that sanction and we find that the trial court was authorized to expedite the final hearing and issue judgment as a result.

**{¶20}** Kondapalli's second assignment of error is denied.

**III.**

**{¶21}** In her third assignment of error, Kondapalli argues that the trial court lacked personal jurisdiction over her, and thus the decree of divorce issued is void, as she was not served with the summons and complaint pursuant to the terms of the Hague Convention.

**{¶22}** Appellant did not invoke the Hague Convention or other international accord before the trial court as a basis for vacating the judgment for want of service. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., *Pastor v. Pastor*, Fairfield App.No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citing *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524. Furthermore, a claim of insufficiency of service of process attacks the personal jurisdiction of the Court over the movant. *See, e.g., In re Shepard, Highland* App.No. 00CA12.2001, 2001-Ohio-2499, citing In re Zaria Crews (July 30, 1999), Montgomery App. No. 17670. This Court has recognized that a question of personal jurisdiction may not be raised for the first time on appeal. *Trilogy Health Services, LLC v. Frenzley*, 5th Dist. Muskingum No. CT2017-0070, 2018-Ohio-1790, ¶ 8, quoting *In re Bailey Children*, 5th Dist. Stark No. 2004CA00386, 2005–Ohio–2981.

**{¶23}** We find Kondapalli's third assignment of error regarding service of legal documents has been waived on appeal.

**{¶24}** The outcome would be the same even if we were to consider the merits of the argument. Kondapalli's assignment of error is based upon a conclusion that the Hague Convention requires the service be completed prior to issuing a judgment. On the contrary, Article 15 of the Convention contains a provision that provides for judgment without a certificate of service or delivery:

> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give

judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled–

a)      the document was transmitted by one of the methods provided for in this Convention,

b)      a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c)      no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

b.      Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

**{¶25}** The trial court found that the conditions had been fulfilled and, therefore, it was not prohibited from entering judgment by the Hague Convention. Kondapalli does not address Article 15 of the Hague Convention in her brief and did not argue that the trial court erred when it relied upon Article 15, but instead argued that the Central Authority in India, home state of Kondapalli, did not confirm perfection of service. Because the trial court applied Article 15 of the Hague Convention and the facts support its application and because Kondapalli did not cite the trial court's action as error, we would not find the trial court's judgment was error, even if we were to consider the merits of the assignment.

**{¶26}** Kondapalli's third assignment of error is denied.

**{¶27}** The decision of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.